**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **MARK CHARLES HENDERSON,** | : | **Civil Action No. 1:22-cv-11830-PGL** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ODIN EPC, LLC,** | : | |
| | : | |
| **Defendant.** | : | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

The Plaintiff Mark Charles Henderson ("Mr. Henderson" or "Plaintiff") and Defendant Odin EPC, LLC ("Odin" or "Defendant") (together, "parties") hereby jointly request that the Court enter an order approving their Settlement Agreement, attached as **Exhibit 1,** and dismissing the case with prejudice. A proposed form of order is attached hereto as **Exhibit 2**. In support of this motion, the parties state as follows:

### Background

Odin is a design/build engineering and construction firm which, among other things, designs and builds natural gas and LNG facilities. Mr. Henderson Is a former Project Engineer who was employed by Odin (formerly known as Northstar Industries) from February 4, 2019 through March 27, 2020, when his position was eliminated in a lay-off unrelated to job performance. Mr. Henderson was paid a salary $98,000 per annum and was classified by Odin as exempt from overtime pay under both state and federal law.

On October 26, 2022, Mr. Henderson filed his Complaint (ECF No. 1) alleging, among other things, a violation of Section 13(a)(1) of the Fair Labor Standards Act ("FLSA") for failure to pay overtime at one and one-half times his regular rate of pay for all hours worked over forty (40) in a given week. Mr. Henderson alleged that Odin failed to pay him "in excess of $30,000" for overtime. (ECF No. 1, ¶ 67).

Odin has defended and disputed the allegations asserting, among other things, that Mr. Henderson was properly classified as exempt from eligibility for overtime pay under one or more of the White Collar Exemptions (i.e., Executive Exemption, Administrative Exemption and/or Highly Compensated Employee Exemption). In particular, Odin asserted that Mr. Henderson qualified for the Administrative Exemption because: (1) he was paid on a salaried basis of $1,884.62 per week ($98,000 per annum); (2) his primary duty was the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) he exercised discretion and independent judgment regarding matters of significance. 29 C.F.R. § 541.200(a). See U.S. DOL Wage and Hour Division Fact Sheet #17C: Exemption for Administrative Employees, available at https://www.dol.gov/agencies/whd/fact-sheets/17c-overtime-administrative (January 31, 2023).

As evidence of satisfying the above-described duties test, Odin was prepared to offer proof at trial that Mr. Henderson earned a Bachelor of Science Degree in Petroleum Engineering from Missouri University of Science and Technology; that he was the most senior person on the project site the majority of time; and that he was responsible for supervising and managing all on-site work, subcontractors, and vendors in all respects. Odin was also prepared to offer proof at trial that Mr. Henderson was directly responsible for quality control; site reporting; site inventory control; safety and health; and personnel management.

**Mediation and Terms of Settlement**

On December 13, 2023, the parties engaged in mediation with the Honorable Magistrate Judge Bowler and reached an agreement to settle the dispute. The terms of the settlement included a total gross payment by Odin of fifty thousand dollars ($50,000), apportioned thirty-seven thousand five hundred dollars ($37,500) to Mr. Henderson and twelve thousand five hundred dollars ($12,500) to his attorney, Mark O'Brien. See Ex. 1.

**Legal Framework**

Private settlements of litigated FLSA claims may be approved by a Court if the parties were engaged in a *bona fide* dispute over the application of the FLSA and reached an agreement to settle that reflects a reasonable compromise of contested issues of FLSA coverage. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir. 1982). See Singleton v. AT&T Mobility Servs., LLC, 146 F. Supp. 3d 258 (D. Mass. 2015) (approving private settlement of FLSA dispute); Drexler v. Tell Nexx, Inc., Civil Action No. 13-cv-13009-ADB, 2019 U.S. Dist. LEXIS 141642, at *1 (D. Mass. Aug. 21, 2019) (same).

The parties, each of whom are represented by counsel, participated in a mediation with Magistrate Judge Bowler on December 13, 2022, during which the parties reached an agreement to amicably resolve this *bona fide* dispute according to the terms and conditions set forth in the attached Settlement Agreement (Ex. 1). Pursuant to the terms of the Settlement, Mr. Henderson will receive an amount that is approximately the same amount of overtime pay which he demanded in his Complaint and his counsel will receive attorney's fees of approximately one-third that amount – over and above what is being paid to Mr. Henderson. For its part, Odin is avoiding the risk, however slight, of an adverse judgment at trial which could include not only the claimed overtime amounts, but also interest, liquidated damages, and attorney's fees. As

such, both parties believe that their Settlement Agreement is fair and reasonable under the circumstances.

WHEREFORE, for all the foregoing reasons, the parties respectfully request that this Court order that the Settlement Agreement is approved and that the matter is dismissed with prejudice.

Respectfully submitted,

MARK CHARLES HENDERSON,

*/s/ Mark Ellis O'Brien*

Mark Ellis O'Brien (BBO#674736)
P.O. Box 342
Lunenburg, MA 01462
(978) 790-1936
Email: justice457@gmail.com

Respectfully submitted,

ODIN EPC, LLC,

*/s/ Jeffrey A. Dretler*

Jeffrey A. Dretler (BBO#558953)
RUBIN AND RUDMAN LLP
53 State Street
Boston, Massachusetts 02109
Telephone: (617) 330-7078
Facsimile: (617) 330-7550
E-mail: jdretler@rubinrudman.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 14, 2023, a true copy of the above document was filed electronically and served by first class mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties who have appearances as of the time of this filing by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Jeffrey A. Dretler*

# Exhibit 1

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into by and between Mark Charles Henderson ("Henderson"), an individual residing at 89 Main Street Apt. 7, Andover, Massachusetts and Odin EPC, LLC ("Odin"), a Massachusetts limited liability company with a principal place of business at 2 Highwood Drive, Tewksbury, Massachusetts (each a "Party" and together, "Parties").

**WITNESSETH THAT**

**WHEREAS**, Henderson was employed by Odin (known until 2019 as Northstar Industries, LLC) from on or about 2019 through March 27, 2020, most recently serving in the position of Project Engineer.

**WHEREAS**, on October 26, 2022, Henderson filed an action in the U.S. District Court for the District of Massachusetts alleging that Odin failed to timely pay overtime wages due in violation of Section 13(a)(1) of the Fair Labor Standards Act and Massachusetts General Laws c. 151, Section 1A, in the matter captioned *Mark Charles Henderson v. Odin EPC, LLC, Dkt. No. 1:22-cv-11830-PGL* (the "Civil Action");

**WHEREAS,** Odin has defended and disputed the allegations in the Civil Action;

**WHEREAS,** the Parties participated in a Zoom mediation with Magistrate Judge Bowler on December 13, 2022 during which the Parties agreed upon terms for an amicable settlement, which Magistrate Judge Bowler confirmed with Henderson in a colloquy on the record;

**WHEREAS,** the Parties, each of whom are represented by counsel, seek to reduce their agreed upon settlement terms to writing as set forth herein, in resolution of the Civil Action as well as any and all other claims or disputes which may exist between them;

**NOW, THEREFORE,** in consideration of the mutual promises and covenants herein set forth, which consideration is acknowledged by the Parties to be good and sufficient, the Parties hereto covenant and agree as follows:

1. Settlement Payment. Odin shall pay Henderson the total gross amount of fifty thousand dollars ($50,000) ("Settlement Payment"), to be paid in two separate payments within fourteen (14) days after the Court's approval of this Settlement Agreement (as described in Section 8, below), by delivering checks to Henderson's attorney, Mark Ellis O'Brien, Esq., P.O. Box 342, Lunenburg, Massachusetts 01462, as set forth in subparts a. and b., below:

   a. The total amount of thirty-seven thousand five hundred dollars ($37,500), less Henderson's share of the payroll taxes, shall be paid to Henderson as back wages. The wage payment shall be made out to "Mark Charles Henderson" and a Form W-2 will be issued to him for the payment.

   b. The total amount of twelve thousand five hundred dollars ($12,500) shall be paid as attorney's fees on behalf of Henderson. The attorney's fees payment shall be

made out to "Mark Ellis O'Brien, Esq.," Tax ID No. [redacted]. A Form 1099 will be issued to Mark Ellis O'Brien, Esq. and to Henderson each in the full amount of these attorney's fees.

Except for the Settlement Payment described in this Section 1, Henderson shall not receive any other payments or benefits from Odin or anyone on its behalf, including but not limited to Liberty Energy Trust and Chart Industries, in connection with the claims that were brought or could have been brought in the Civil Action. Henderson acknowledges that he is not presently suffering from any injury that could form the basis of a workers compensation claim against Odin or any of the other Releasees as defined in the General Release of Claims (see Section 4, below).

2. Taxes. The Parties agree that the Internal Revenue Service and the Massachusetts Department of Revenue will be notified of the payments specified above. Except for Odin's share of employer-side payroll taxes arising out of the payments described in paragraph 1(a), Henderson expressly agrees and acknowledges that he shall be responsible to pay any applicable federal, state, and local taxes, and costs, interest or penalties thereon, which a court or federal, state, or local taxing agency may deem to be due and owing as the individual recipient and/or beneficiary of such monies. Except for Odin's share of employer-side payroll taxes arising out of the payments describe in paragraph 1(a), Henderson further agrees to hold Odin harmless for any federal, state, or local taxes, costs, interest or penalties owed by his, as the individual recipient and/or beneficiary of the Settlement Payment made under Section 1.

3. Compliance With ADEA. Henderson acknowledges that he has been given twenty-one (21) days to consider the terms and conditions of this Agreement and the General Release of Claims set forth in Section 4, below. The General Release of Claims is intended to comply with the Older Workers Benefit Protection Act of 1990 with regard to Henderson's waiver of claims under the Age Discrimination in Employment Act ("ADEA").

a. Under the General Release of Claims, Henderson is specifically waiving rights and claims under the ADEA.

b. The waiver of rights under the ADEA does not extend to any rights or claims arising after the date Henderson executes the General Release of Claims.

c. Henderson acknowledges that he has been advised to consult with an attorney before executing this Agreement and its General Release of Claims.

Henderson understands that he may rescind this Agreement and its General Release of Claims for a period of seven (7) days after he signs it by notifying Jeffrey A. Dretler, Esq., Rubin and Rudman, LLP, 53 State Street, Boston, MA 02109, jdretler@rubinrudman.com in writing, such that notification is received within that seven (7) day period. This Agreement shall not become effective or enforceable until the eighth (8th) day following Henderson's execution of this Agreement and General Release ("Effective Date"), provided it has not been earlier revoked.

4. General Release of Claims. Henderson agrees that by signing this Settlement Agreement and accepting the benefits provided to him in Section 1, as well as other good and valuable consideration the sufficiency of which is hereby acknowledged, Henderson, including

his agents, heirs, legatees, successors and assigns, hereby knowingly and voluntarily releases and forever discharges Odin, including any and all parents, affiliates, subsidiaries, divisions, insurers/reinsurers, predecessors, successors and assigns, and its and their current and former employees, officers, members, managers, directors, shareholders and agents, (collectively, the "Released Parties") of and from any and all actions, causes of actions, suits, debts, charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever, in law or equity (each a "Claim," and collectively "Claims"), which he had, now has, or hereafter may have against the Released Parties from the beginning of time to the Effective Date, whether such Claims are known or unknown to his. Without limitation to the generality of the foregoing terms, Henderson hereby irrevocably and unconditionally releases, remises, and forever discharges the Released Parties on account of any Claim against the Released Parties arising from or related to his employment relationship with Odin or termination thereof, including, without limitation:

** Claims under any state or federal statute, regulation or executive order (as amended through the Effective Date) relating to employment, discrimination, fair employment practices, or other terms and conditions of employment, including but not limited to the Age Discrimination in Employment Act and Older Workers Benefit Protection Act (29 U.S.C. § 621 et seq.), the Civil Rights Acts of 1866 and 1871 and Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 (42 U.S.C. § 2000e et seq.), the Equal Pay Act (29 U.S.C. § 201 et seq.), the Americans With Disabilities Act (42 U.S.C. § 12101 et seq.), the Massachusetts Fair Employment Practices Statute (M.G.L. c. 151B § 1 et seq.), the Massachusetts Equal Rights Act (M.G.L. c. 93 §102), the Massachusetts Civil Rights Act (M.G.L. c. 12 §§ 11H & 11I), the Massachusetts Privacy Statute (M.G.L. c. 214 § 1B), the Massachusetts Sexual Harassment Statute (M.G.L. c. 214 § 1C), and any similar Massachusetts, or other state or federal statute;

** Claims under any state or federal statute, regulation or executive order (as amended through the Effective Date) relating to leaves of absence, layoffs or reductions-in-force, wages, hours, or other terms and conditions of employment, including but not limited to the Fair Credit Reporting Act (15 U.S.C § 1681 et seq.), the National Labor Relations Act (29 U.S.C. § 151 et seq.), the Family and Medical Leave Act (29 U.S.C. § 2601 et seq.), the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1000 et seq.), COBRA (29 U.S.C. § 1161 et seq.), the Worker Adjustment and Retraining Notification Act (29 U.S.C. § 2101 et seq.), the Fair Labor Standards Act (29 U.S.C. §§ 201 et seq.), the Massachusetts Wage Act (M.G.L. c. 149 § 148 et. seq.), the Massachusetts Minimum Fair Wages Act (M.G.L. c. 151 § 1 et. seq.), the Massachusetts Equal Pay Act (M.G.L. c. 149 § 105A), and any similar Massachusetts or other state or federal statute. **Please note that this section specifically includes a waiver and release of Claims that Henderson has or may have regarding payments or amounts covered by the Massachusetts Wage Act or the Massachusetts Minimum Fair Wages Act (including, for instance, hourly wages, salary, overtime, minimum wages, commissions, vacation pay, holiday pay, sick leave pay, dismissal pay, bonus pay or severance pay), as well as Claims for retaliation under the Massachusetts Wage Act or the Massachusetts Minimum Fair Wages Act;**

** Claims under any state or federal common law theory, including, without limitation, wrongful discharge, breach of express or implied contract, promissory estoppel, unjust enrichment, breach of a covenant of good faith and fair dealing, violation of public policy, defamation, interference with contractual relations, intentional or negligent infliction of emotional

distress, invasion of privacy, misrepresentation, deceit, fraud or negligence or any claim to attorneys' fees under any applicable statute or common law theory of recovery;

** Claims under any state or federal statute, regulation or executive order (as amended through the Effective Date) relating to whistleblower protections, violation of public policy, or any other form of retaliation or wrongful termination, including but not limited to the Sarbanes-Oxley Act of 2002, M.G.L. c. 149, §§ 148 and 150, and any similar Massachusetts or other state or federal statute;

** Claims under any compensation, employment, commission, benefit, stock option, incentive compensation, bonus, restricted stock, and/or equity plan, program, policy, practice or agreement; and

** Any other Claim arising under any other local, state and/or federal law.

In addition to the foregoing, Henderson hereby waives and releases any and all rights to participate in any Claims raised in any class action or collective action lawsuit filed against any of the Released Parties, including, without limitation, any Claims arising under the Fair Labor Standards Act (29 U.S.C. §§ 201 et seq.), the Fair Credit Reporting Act (15 U.S.C § 1681 et seq.), and any similar Massachusetts or other state or federal statute.

Notwithstanding the foregoing, Henderson's release of claims does not: (i) release Odin from any obligation expressly set forth in this Agreement or from any obligation to provide unemployment benefits or any other obligation, including without limitation under the Workers Compensation laws, which as a matter of law cannot be released; (ii) prohibit Henderson from filing a charge with the Equal Employment Opportunity Commission ("EEOC") or the Massachusetts Commission Against Discrimination ("MCAD"); or (iii) prohibit Henderson from participating in an investigation or proceeding by the EEOC, MCAD, or any comparable state or local agency. Henderson acknowledges and agrees, however, that his waiver and release of Claims are intended to be a complete bar to any recovery or personal benefit by or to his with respect to any Claim whatsoever, including those raised through a charge with the EEOC or MCAD, except those which, as a matter of law, cannot be released. Nothing in this Agreement shall limit the right of any of the Released Parties to seek immediate dismissal of a charge on the basis that Henderson's signing of this Agreement constitutes a full release of any right he might otherwise have to pursue the charge. Henderson further acknowledges and agrees that, but for providing this waiver and release, he would not be receiving the consideration being provided to his under the terms of this Agreement.

5. <u>No Assistance</u>. As of the Effective Date of this Agreement, defined in Section 3, above, Henderson agrees that he shall not counsel or assist any attorneys or their clients in the presentation or prosecution of any disputes, differences, grievances, claims, charges or complaints on behalf of any private (non-governmental) third party against Odin or any of the Releasees, unless under a subpoena or other court order to do so; provided that prior to making any disclosures required by a subpoena or other court order, Henderson shall provide Odin with written notice of the subpoena, court order or similar legal process sufficiently in advance of such disclosure to afford Odin or the Releasees a reasonable opportunity to challenge the subpoena,

court order or similar legal process. This provision shall not apply to any charge or lawsuit whereby law a non-assistance agreement is invalid.

6. No Re-Hire. Henderson agrees that he is not eligible for reinstatement, re-hire, future employment or any employment relationship with Odin. Henderson agrees that he will not knowingly seek or accept any such employment with Odin, and that Odin is entitled to reject without cause any application for employment made by Henderson or to immediately terminate such employment without notice, cause or reason, if, notwithstanding this provision, he becomes employed by Odin. For avoidance of confusion, the Parties agree that nothing in this Section precludes Henderson from employment with a customer of Odin, as he is currently so employed.

7. Non-Disparagement. Henderson agrees that he will not make any false statements that are professionally or personally disparaging about, or adverse to, the interests of Odin (including its officers, members, managers, directors and employees) including, but not limited to, any statements that disparage any person, product, service, finances, financial condition, capability or any other aspect of the business of Odin, and that he will not engage in any conduct which is intended to harm professionally or personally the reputation of Odin (including its officers, members, managers, directors and employees). In the event Odin receives a request for a reference from any prospective employer of Henderson, Odin agrees to state only Henderson's dates of employment and last position held and will not make any false statements that are professionally or personally disparaging about Henderson in response to such inquiry.

8. Court Approval of Settlement. Within five (5) business days after the Effective Date of this Agreement (as defined in Section 3, above), the Parties, via their attorneys, will file with the U.S. District Court for the District of Massachusetts, a Joint Motion for Approval of Settlement Agreement asking the Court to approve this Agreement and to enter an order dismissing the Civil Action with prejudice.

9. Non-Admission. The Parties agree that nothing herein shall be construed as an admission by either of them of any wrongdoing or violation of any applicable law, and that nothing in this Agreement shall be construed as such by any other person.

10. [*Reserved*]

11. Representations Regarding Other Litigation. Henderson hereby warrants and agrees that apart from the Civil Action, he has not made or filed any other suits or claims in any forum against Odin, its insurers, subsidiaries, shareholders, directors, officers, members, employees, attorneys, agents, successors and assigns.

12. Consultation with Attorney. The Parties acknowledge that each has consulted with counsel before executing this Agreement, and each fully understands this Agreement and the effect of signing and executing this Agreement.

13. Remedy for Breach. In the event of a breach of this Agreement by either Party, the aggrieved Party shall be entitled to seek a preliminary and/or permanent injunction restraining such breach, and the prevailing Party shall further be entitled to recover all attorneys' fees and expenses reasonably incurred in establishing or defending against any breach and enforcing the

terms of this Agreement. Henderson further acknowledges that Sections 5 and 7 of this Agreement are material terms the violation of which will relieve Odin from the obligation to make any further Settlement Payments and require Henderson to immediately repay to Odin all Settlement Payments made to his pursuant to paragraph 1(a) of this Agreement, in addition to and not in lieu of any other damages that may be available to Odin pursuant to the terms of this Agreement.

14. Governing Law and Interpretation. This Agreement shall be governed and conformed in accordance with the laws of the Commonwealth of Massachusetts, without regard to its conflict of laws provision. The Parties acknowledge that each Party has had an opportunity to revise this Agreement, and, accordingly, this Agreement shall be construed in accordance with the plain meaning of its terms and not strictly for or against either of the Parties hereto.

15. Arbitration. To ensure rapid and economical resolution of any disputes which may arise under this Agreement, subject to the provisions of Section 13, the Parties agree that any and all disputes or controversies of any nature whatsoever arising from or regarding the interpretation, performance, enforcement or breach of this Agreement shall be resolved by confidential, final and binding arbitration (rather than trial by jury or court or resolution in some other forum) to the fullest extent permitted by law. Any arbitration proceeding pursuant to this Agreement shall be held in Boston, Massachusetts and conducted by a single arbitrator selected by the mutual agreement of the Parties hereto and conducted pursuant to the National Rules for the Resolution of Employment Disputes (including mediation and arbitration rules) of the American Arbitration Association ("AAA "). In the event that the Parties hereto are unable to mutually agree to an arbitrator, the arbitrator shall be selected in accordance with the AAA rules. If for any reason all or part of this arbitration section is held to be invalid, illegal, or unenforceable in any respect under any applicable law or rule in any jurisdiction, such invalidity, illegality or unenforceability will not affect any other portion of this arbitration section or any other section, but this section will be reformed, construed and enforced in such jurisdiction as if such invalid, illegal or unenforceable part or parts of this section had never been contained herein, consistent with the general intent of the Parties insofar as possible. Each Party shall initially bear its own costs and fees associated with such arbitration and the Parties shall split the cost of the arbitrator. The prevailing Party in any such arbitration shall be entitled to recover from the other Party the reasonable fees, costs and expenses incurred by such prevailing Party in connection with such arbitration. Judgment on the award rendered by the arbitrator may be entered in any court in the Commonwealth of Massachusetts, having jurisdiction thereof.

16. Miscellaneous. This Agreement, and all covenants, rights, agreements and protections herein, shall be binding upon and inure to the benefit of the Parties hereto, and their respective heirs, executors, affiliates, administrators, successors, assigns and personal representatives.

17. Entire Agreement and Severability. This Agreement constitutes the entire agreement between the Parties, and there are no other understandings or agreements, written or oral, between them on the subject. The Parties expressly disclaim reliance on any representations, written or oral, other than those expressly contained in this document. The Parties agree that this Agreement may not be modified, altered, amended, or otherwise changed except upon written

consent by each of the Parties hereto. Should any provision of this Agreement be held invalid or unenforceable by a court of competent jurisdiction, the Parties agree that the remaining provisions shall remain in full force and effect. Separate copies of this document shall constitute original documents, which may be signed separately but which together shall constitute a single agreement.

18. Counterparts. This Agreement may be executed in counterparts. A facsimile, DocuSign, or pdf signature shall be deemed the equivalent of an original. All executed counterparts shall be deemed to be one and the same instrument.

**PLEASE READ CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the dates set forth below.

MARK CHARLES HENDERSON

Mark Charles Henderson
Dated: 2/6/2023

ODIN EPC, LLC

Chris Barros
By: Chris Barros
Title: President and CEO
Dated: 2/6/2023

# Exhibit 2

**Exhibit 2**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **MARK CHARLES HENDERSON,** | : | |
| | : | **Civil Action No. 1:22-cv-11830-PGL** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ODIN EPC, LLC,** | : | |
| | : | |
| **Defendant.** | : | |

**[PROPOSED] ORDER**

LEVENSON, M.J.

The Court having reviewed the parties' Joint Motion for Approval of Settlement and the Settlement Agreement, where both parties are represented by counsel, this Court finds that the Settlement Agreement is fair and reasonable and hereby approves the Settlement Agreement;

IT IS ORDERED that the Joint Motion for Approval of Settlement is ALLOWED and this matter is DISMISSED WITH PREJUDICE.

February __, 2023 By________________________________
United States Magistrate Judge



3351855_1